**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN WEST HOLDINGS TRUST,<br><br>  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA and<br>INTERNAL REVENUE SERVICE,<br><br>  Defendants. | No.  CV 05-2237-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Wachovia Bank, N.A.'s ("Wachovia") Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. (Dkt. 27)  Wachovia moves to intervene as of right or, in the alternative, for permission to intervene, in order to join in Plaintiff William Wadman's claim against Defendants United States of America ("United States") and the Internal Revenue Service ("IRS").  After considering the arguments in Wachovia's Motion to Intervene (Dkt. 27), Defendants' Response (Dkt. 28), and Wachovia's Reply (Dkt. 31), the Court issues the following Order.

**BACKGROUND**

Plaintiffs Wadman, Tri-Star Real Estate Investment Trust ("Tri-Star") and Golden West Holdings Trust ("Golden West") brought consolidated actions against the IRS and the United States pursuant to 26 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7426, seeking a declaration that the jeopardy assessment issued by the IRS against the assets of Wadman was improperly issued and void.  (Dkt. 27, ¶ 4-8)  On or about April 13, 2005, Wachovia received a Notice of Levy from the IRS ordering them to withhold funds from Wadman's

accounts at Wachovia. (Dkt. 27, ¶ 11-13) Wadman then withdrew the money from those accounts before Wachovia could place a hold on the funds. (Dkt. 27, 17-20) On or about July 11, 2005, Wachovia paid the IRS the funds from the levied accounts due to their liability under 26 U.S.C. § 6332. (Dkt. 27, ¶ 20-22) Wachovia has asserted a claim against Wadman to recover the lost funds; however, Wadman has filed for bankruptcy. (Dkt. 27, ¶ 23-25).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 24(a)(2) provides:

> Upon a timely application, anyone shall be permitted to intervene in an action: . . . (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2). Rule 24(a)(2) is "construed broadly in favor of proposed interveners and [the court is] guided primarily by practical considerations." United States ex. rel. McGough v. Covington Techs. Co., 967 F.2d 1391, 1394 (9th Cir. 1992). An order granting intervention as of right is appropriate if: (i) the application is timely; (ii) the applicant has a significantly protectable interest relating to the property or transaction involved in the pending lawsuit; (iii) the disposition of the lawsuit may adversely affect the applicant's interest unless intervention is allowed; (iv) the existing parties do not adequately represent the would-be intervenor's interests. League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997). Although the party seeking to intervene bears the burden of establishing all four elements, the Ninth Circuit construes these factors liberally in favor of the applicant, and review is guided by practical and equitable considerations, rather than technical distinctions. See United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004); Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001); Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

**DISCUSSION**

The Court finds that Wachovia satisfied the four-part test for intervention and is entitled to intervention as of right. Wachovia's Motion to Intervene is timely because nothing has yet occurred in this case other than the filing of an amended complaint by the Plaintiff and a Motion to Dismiss by the Defendant. Wachovia's motion is also related to a significant interest in the property involved in the pending suit; namely, the funds Wachovia paid to the IRS. The disposition of this lawsuit may adversely affect Wachovia's interests because if the suit is settled, or some alternative arrangement reached, Wachovia may not recover the funds it seeks. Furthermore, the existing parties do not adequately represent Wachovia's interests since Wachovia seeks relief against the IRS beyond what Wadman has already pled. Based on these considerations, the Court finds that Wachovia is entitled to intervene as a matter of right.

The Government does not dispute that Wachovia has failed to meet the test for intervention, but merely raises questions regarding jurisdiction and statute of limitations. Although the Government contends that the statute of limitations has run for a § 7426 claim by Wachovia, the Supreme Court in Williams v. U.S. held that a lawsuit under 26 U.S.C. § 7426 is not the exclusive remedy for someone who pays another's tax liability, so Wachovia would be free to pursue and action under §1346(a)(1). According to the Supreme Court, "a person who pays under compulsion the tax liability of another may claim a refund under 28 U.S.C. § 1346(a)(1), and the fact that a wrongful lien compelled payment of the tax does not require, as the exclusive remedy, a lawsuit under 26 U.S.C. § 7426." WWSM Investors v. U.S., 64 F.3d 456, 459 (9th Cir. 1995)(quoting Williams v. United States, 514 U.S. 527). The Ninth Circuit also held that equitable tolling may be applied to "extend the period for bringing a wrongful levy claim against the government under 26 U.S.C. § 7426." Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1207 (9th Cir. 1995).

1     The Government relies on the holdings in <u>Fidelity and Deposit Co. of Maryland v.
2 City of Adelanto</u>, 87 F.3d 334 (9th Cir. 1996) and <u>Dahn v. U.S.</u>, 127 F.3d 1249 (10th Cir.
3 1997) to argue against Wachovia's inclusion in this lawsuit.  However, <u>Fidelity</u> is
4 distinguishable from this case in that it is a narrow decision regarding §2410 quiet title
5 actions, not §1346 actions for wrongful taxation.  <u>Dahn</u> is also distinguishable because
6 the plaintiff was not seeking a refund for his direct payment of another's taxes, as
7 Wachovia did in this case, but instead merely had interest in property on which a lien was
8 placed by his parents' creditors.

## CONCLUSION

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** Wachovia's Motion to Intervene (Dkt. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wachovia shall have until **November 17, 2006**, to respond to any outstanding motions filed by Defendants.

DATED this 2nd day of November, 2006.

_____
Stephen M. McNamee
United States District Judge