**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDEN WEST HOLDINGS TRUST,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants.<br><br>AND RELATED CASES | No. CV-05-2237-PHX-SMM (lead)<br>CV-05-2238-PHX-SMM (cons)<br>CV-05-2239-PHX-SMM (cons)<br><br>**MEMORANDUM OF DECISION AND ORDER** |

This matter comes before the Court on Defendants' Motion to Dismiss William Wadman's Claim for Reward and Plaintiff's Claim for Injunctive Relief (Dkt. 25) pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**BACKGROUND**

William Wadman ("Wadman"), Golden West Holdings Trust and Tri-Star Real Estate Investment Trust ("Tri-Star") (collectively "Plaintiffs"), brought this action against the United States and the Internal Revenue Service (collectively "Defendants") for wrongful jeopardy assessment and levy. (Dkt 21). Plaintiffs seek, among other forms of relief, a reward on behalf of Wadman in the amount of not less than one million, one hundred and fifty thousand dollars ($1,150,000) for information he provided to the IRS concerning the failure to pay taxes by A.G. Braswell, G.B. Data Systems, Inc., and Gero Vita International, Inc. (the "Braswell Parties"). (Dkt. 21,¶¶ 21-25). In addition, Tri-Star and Wadman request

"[a] preliminary and, thereafter, a permanent injunction enjoining the Defendants from levying upon or seizing Plaintiff's property and assets in the future." (Dkt. 21 at 7).

On June 9, 2006, Defendants' moved to dismiss Wadman's claim for reward as well as Tri-Star's and Wadman's prayer for injunctive relief. (Dkt. 25). On November 2, 2006, this Court granted Wachovia Bank, N.A.'s (Wachovia's) Motion to Intervene on behalf of Wadman and directed Wachovia to file a response to any outstanding motions by November 17, 2006. (Dkt. 34). Neither Wachovia nor any of the other Plaintiffs have responded to Defendants' motion to dismiss for lack of subject matter jurisdiction.

Pursuant to Rule 7.2(i) of the Local Rules of Practice for the District of Arizona, when an opposing party fails to file a response to a motion, the failure to file may be deemed a consent to the motion. Because Plaintiffs have not opposed the motion to dismiss, they are deemed to have consented to the dismissal. Regardless, the Court will address the merits of Defendants' motion.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure Rule 12(b)(1) provides for motions to dismiss for lack of subject matter jurisdiction. The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). On a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**DISCUSSION**

The United States moved to dismiss the claim for a reward on behalf of Wadman as well as Tri-Star's and Wadman's request for an injunction to bar further tax collection by Defendants.

**I. Third Claim for Relief for a Reward on Behalf of Plaintiff Wadman**

The United States moved to dismiss the "Third Claim for Relief for a Reward on Behalf of Plaintiff Wadman" (Dkt. 21,¶¶ 21-25), arguing that this Court lacks jurisdiction

over the claim because the United States, as sovereign, is immune from suit unless it consents to be sued. The Court agrees.

A suit is considered "against the sovereign" if the judgment sought would be paid out of the public treasury, or if the effect would be to restrain the government from acting or compel it to act. *Dugan v. Rank*, 372 U.S. 609, 620 (1963). Thus, a suit against the IRS is essentially a suit against the United States and the principles of sovereign immunity are applicable to this proceeding. *Gilbert v. Da Grossa*, 756 F.2d 1455, 1461 (9th Cir. 1985).

Under the doctrine of sovereign immunity: "It is elementary that "(t)he United States, as sovereign, is immune from suit save as it consents to be sued..., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). A waiver of sovereign immunity "cannot be implied, but must be unequivocally expressed." *United States v. King*, 395 U.S. 1, 4 (1969). "Where a suit has not been consented to by the United States, dismissal of the action is required." *Gilbert*, 756 F.2d at 1458.

In the instant case, relying on 26 U.S.C. § 7623, Wadman believes he is "entitled to a reward in the amount of not less than one million, one hundred and fifty thousand dollars ($1,150,000)" for information provided to the IRS concerning the Braswell Parties. (Dkt. 21,¶¶ 21-25). Under 26 U.S.C. § 7623:

> The Secretary, under regulations prescribed by the Secretary, is authorized to pay such sums as he deems necessary for--
> (1) detecting underpayments of tax, and
> (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws or conniving at the same,
>
> in cases where such expenses are not otherwise provided for by law. Any amount payable under the preceding sentence shall be paid from the proceeds of amounts (other than interest) collected by reason of the information provided, and any amount so collected shall be available for such payments.

Pursuant to the express language of the statute, the Secretary of the Treasury has discretion over paying rewards such as the one to which Plaintiff Wadman believes he is entitled. As the Sixth Circuit has previously stated, "[d]iscretionary activities belong to a class of conduct of government officials in which Congress has expressed an intention not to waive sovereign immunity." *Carelli v. Internal Revenue Service*, 668 F.2d 902, 904 (6th Cir. 1982). Thus, this Court lacks jurisdiction to review the IRS's decision not to make a reward to Wadman and the "Third Claim for Relief for a Reward on Behalf of Plaintiff Wadman" will be dismissed.

**II. Tri-Star's and Wadman's Request for an Injunction**

In the prayer for relief located at the end of the Second Amended Complaint, Tri-Star and Wadman request, among other things, "[a] preliminary and, thereafter, a permanent injunction enjoining the Defendants from levying upon or seizing Plaintiff's property and assets in the future." (Dkt. 21 at 7). Defendants argue that "[t]o the extent that [Plaintiffs'] prayer for relief could be construed as a claim for injunctive relief as to the IRS collection activities," it is barred by 26 U.S.C. § 7421 (the "Anti-Injunction Act"). (Dkt. 25, attachment 1 at 7).

The Anti-Injunction Act provides, in pertinent part, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421. The statute contains numerous exceptions, including suits brought under § 7426(a). *See id.*

Here, Plaintiffs allege that this Court has jurisdiction pursuant to 28 USC § 1346(a)(1) and 26 USC § 7426(a)(1). (Dkt. 21 at 2).  Under 26 USC § 7426(a)(1), a federal cause of action exists for any person claiming an interest in or lien on property that was wrongfully levied upon.  While Plaintiffs did not allege it as a basis for jurisdiction in their Second Amended Complaint, 26 USC § 7426(b)(1) allows a district court to grant injunctive relief "if a levy or sale would irreparably injure rights in property which the court determines to be superior to those of the United States in such property."  However, as the party asserting jurisdiction, Plaintiffs bear the burden of proof on Defendants' Rule 12(b)(1) motion to dismiss on. *Kokkonen*, 511 U.S. at 377.

Plaintiffs' Second Amended Complaint contains no allegations that they have suffered, or are in danger of suffering, an irreparable injury as a result of Defendants activities.  Moreover, Plaintiffs did not respond to Defendants' motion as required under the LRCiv 7.2(i).  Therefore, the Court finds that it lacks jurisdiction to grant Tri-Star's and Wadman's prayer for injunctive relief and their complaint will be dismissed to the extent that it seeks such relief.

**CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss William Wadman's Claim for Reward and Plaintiff's Claim for Injunctive Relief (Dkt. 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that the "Third Claim for Relief for a Reward on Behalf of Plaintiff Wadman" (Dkt. 21,¶¶ 21-25) is DISMISSED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff Tri-Star's and Plaintiff Wadman's request for preliminary and, thereafter, a permanent injunction enjoining the Defendants from levying upon or seizing Plaintiff's property and assets in the future" (Dkt. 21 at 7) is DISMISSED WITHOUT PREJUDICE.

DATED this 15th day of December, 2006.

Stephen M. McNamee
United States District Judge